**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3374
_____

MIGUEL MOLINA,
                                        Appellant

v.

LAURAL R. HARRY; JENNIFER DIGBY; SCOTT WHALEN;
TIM HORNUNG; RANDY BLEASE; A. MAXWELL; GREGORY CARBAUGH
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-01391)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2023
Before: HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed: April 24, 2023)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Miguel Molina, proceeding pro se and in forma pauperis, appeals from the District Court's denial of his motion for reconsideration pertaining to a discovery dispute, and the subsequent judgment in favor of the Defendants on his First Amendment retaliation claims. For the reasons discussed below, we will affirm.

## I.

Molina, a Pennsylvania state inmate previously confined at SCI-Camp Hill, filed a civil action pursuant to 42 U.S.C. § 1983, raising various claims, including allegations of retaliation in violation of the First Amendment. Molina's operative amended complaint asserted that the Defendants retaliated against him for filing grievances by moving him to another housing block and firing him from his prison job. The amended complaint also alleged that, after Molina filed his initial complaint in this matter with the court, the Defendants further retaliated by having him transferred to SCI-Huntingdon.

In October 2020, Molina filed a motion to compel discovery, seeking documents related to his transfer, as well as his "block worker job" and "change of housing block" reports. D.Ct. ECF No. 63 at 4-6.[1] Defendants objected to the requested discovery as overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further asserted generally that disclosure of some of the items sought could adversely impact institutional safety and security. D.Ct. ECF 66-2 at 2-6. In taking the

---

[1] We utilize the pagination given to the pleadings by the CM/ECF docketing system.

motion to compel under advisement, the District Court directed the Defendants to "submit, for *in camera* inspection . . ., all answers and materials to Plaintiff's discovery requests sought in the motion to compel that Defendant has not already provided to Plaintiff," so that the District Court could "determine whether the materials should be disclosed to Plaintiff." D.Ct. ECF No. 99 at 3-4.

After an *in camera* review of the documents filed under seal, the District Court partially granted the motion to compel and ordered that certain documents related to the transfer to SCI Huntingdon be produced to Molina.[2] In so doing, the District Court noted that "there appears to be no vote sheet on the issue of Plaintiff's transfer." D.Ct. ECF No. 99 at 6. As to Molina's request for his block worker job reports and change of housing block reports, the District Court denied the requests on the grounds that Molina requested those documents for the first time in his motion to compel.

Molina thereafter filed a motion for reconsideration asserting that the District Court erroneously concluded that he requested "block worker job reports" and "change of housing block reports" for the first time in the motion to compel. Molina also challenged the District Court's determination that the transfer "vote sheet" did not appear to exist, arguing that such documentation was required by Department of Corrections policy. ECF No. 101 at 9, 60. Defendants opposed the motion, noting that the absence of the

---

[2] Our review of those items revealed no documents relating to job worker or change of housing block reports, other than one document relating to the annual review of housing designation codes for Molina.

3

vote sheet showed at most that a policy violation occurred. Defendants did not address Molina's assertion that the District Court erred in determining that his block worker and change of housing block reports were sought for the first time in the motion to compel.

Defendants thereafter filed a motion for summary judgment. D.Ct. ECF No. 104. Molina opposed the motion, arguing that summary judgment was inappropriate because his motion for reconsideration was still pending and therefore discovery was not yet complete. D.Ct. ECF No. 111. On December 9, 2021, the District Court denied Molina's motion for reconsideration. The court did not address the merits of the motion, but rather denied it for failure to comply with the local rules. On that same date, the District Court also entered its order granting Defendants' motion for summary judgment and dismissing Molina's claims on the merits. Molina filed a timely notice of appeal, appealing both the denial of his motion for reconsideration and the grant of summary judgment in favor of Defendants. Molina asserts that "[t]his appeal turns on a single issue: how the District Court erred by Failing to resolve Plaintiff's discovery disputes before entering summary judgment on the merits." 3d Cir. ECF No. 12 at 15.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute

4

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review for abuse of discretion a district court's discovery orders. Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010).

We turn first to Molina's allegations regarding discovery. As to the District Court's determinations regarding documents relating to the transfer to SCI-Huntingdon, including allegations regarding "vote sheets," we discern no abuse of discretion. However, as conceded by the Defendants on appeal, the District Court was incorrect in its determination that Molina sought the production of his "Block Worker Job Reports" and "Change of Housing Block Reports" for the first time in his motion to compel. Nonetheless, we will not disturb a district court's discovery orders "without a showing of actual and substantial prejudice." Cyberworld Enter. Techs, Inc. v. Napolitano, 602 F.3d 189, 200 (3d Cir. 2010). While Molina's motion for reconsideration of the District Court's discovery order, as well as his brief on appeal, are rife with unsubstantiated and conclusory allegations of bias and intentional misconduct by defense counsel and the District Court, Molina fails to establish, or even assert, "actual and substantial prejudice" resulting from the denial of the requested reports. Accordingly, we can discern no basis to disturb the District Court's discovery orders or the subsequent denial of Molina's motion for reconsideration.

We turn next to the motion for summary judgment. Molina does not challenge the merits of the District Court's summary judgment determination. Rather, he alleges only

5

that it was error for the District Court to consider the motion because his motion for reconsideration was still pending at the time the motion was filed. "Whether a district court prematurely grants summary judgement is reviewed for abuse of discretion." Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir. 1989). A court may defer ruling on a summary judgment motion if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(d). In addition to filing an affidavit or declaration, the rule "requires that a party indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered this information." Radich, 886 F.2d at 1393-94. Summary judgment may be granted if the Rule 56(d) declaration is inadequate. See Shelton v Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015).

Despite the District Court's discovery error discussed above, we find no abuse of discretion in the District Court's consideration of Defendants' motion for summary judgment. While the District Court broadly construed Molina's brief in opposition as a motion for additional discovery, Molina did not file a Rule 56(d) affidavit or declaration. Nor did he ever clearly address Rule 56(d)'s other requirements. Even excusing Molina's failure to comply with the technical requirements of Rule 56(d), he failed, crucially, to specify, either in the District Court or on appeal, what specific evidence he hoped to obtain through further discovery and how that evidence would create a genuine issue of material fact with respect to his claims of retaliation.

6

Accordingly, we will affirm the judgment of the District Court.